IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| OLIVER EMANUEL PEARSON | ) | CV 11-105-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER **FILED** |
| | ) | |
| WARDEN TOM GREEN; | ) | **MAR 2 2 2012** |
| ATTORNEY GENERAL OF | ) | PATRICK E. DUFFY, CLERK |
| THE STATE OF MONTANA, | ) | By_____ |
| Respondents. | ) | DEPUTY CLERK, MISSOULA |
| | ) | |

Petitioner Oliver Emanuel Pearson, proceeding pro se, seeks a writ of

habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Lynch recommends

dismissing the petition. The Court agrees and adopts Judge Lynch's Findings and

Recommendations in full.

## BACKGROUND

This matter was referred to Magistrate Judge Lynch under 28 U.S.C. §

636(b). Because "[t]he materials submitted by Pearson [were] not sufficient to

support pre-screening," Judge Lynch ordered the State to electronically file all

state-court records pertaining to Pearson. After receiving and reviewing the

records, Judge Lynch issued his Findings and Recommendation on February 9, 2012. Judge Lynch recommended that Pearson's petition be dismissed on the merits and a certificate of appealability be denied.[1] *Id.*

Pearson timely objected to portions of Judge Lynch's Findings and Recommendations. *See* (dkt # 20). The following day, Pearson also filed a "Motion for Dismissal and a Request for relief from a State Judgment." *See* (dkt # 22). The Court construes that motion as offering additional objections because Pearson addresses the same habeas claims that he raised in his petition and that Judge Lynch addressed in his Findings and Recommendation.

Pearson is entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Because the parties are familiar with the facts of this case, they are discussed here only as necessary to explain the Court's decision.

---

[1] Judge Lynch recognized that some or all of Pearson's claims may be barred by procedural default or the federal limitations period because not all of Pearson's claims "were raised in state court, and some differ somewhat from those he raised in state court." He proceeded to the merits, however, because it was more efficient under 28 U.S.C. § 2254(b)(2).

In his petition for habeas relief, Pearson alleges: (1) his plea was involuntary because he was suffering from post-concussion syndrome at the time he pleaded no contest and his lawyer failed to question him about this injury during his hearing; (2) the prosecution failed to turn over exculpatory evidence—namely, a photo of the accident, DNA blood samples, a copy of a valid search warrant, and a statement from witness Richard Morris; (3) there is insufficient evidence to uphold his conviction in light of newly discovered evidence that establishes his actual innocence—namely, his refreshed memory that he was not driving at the time of the accident and the State's "star witness's" contemporaneous inability to remember what he told Montana Highway Patrol; (4) the trial court erred by not obtaining Pearson's written consent to waive his right to a jury trial, and (5) his no-contest plea violated his Fifth Amendment right against self-incrimination.

Pearson objected to Judge Lynch's Findings and Recommendations as to all of these claims except the last. The Court agrees with Judge Lynch that each claim fails and that Pearson's petition should be dismissed.

## I. Pearson's plea and competency

Pearson first claims that his plea was involuntary because he was suffering

3

from post-concussion syndrome at the time he pleaded no contest, for which he had not received medical treatment at the detention center.

Generally, a plea is voluntary if the defendant makes it while aware of the consequences of the plea, is not induced by threats, or by improper promises (e.g., bribes). *Brady v. United States*, 397 U.S. 742, 755 (1970). A plea may be involuntary if the defendant is not competent to plead—if he is unable to "understand the nature and consequences of the plea or to participate intelligently in the proceeding and to make a reasoned choice among the alternatives presented." *Chavez v. United States*, 656 F.2d 512, 517 (9th Cir. 1981). Due process requires a court to hold a competency hearing, sua sponte, before accepting a plea whenever "the trial judge entertains or reasonably should entertain a good fath doubt" as to the defendant's competence. *Id.* at 515; *see also Godinez v. Moran*, 509 U.S. 389, 402 n.13 (1998) ("A competency determination is necessary only when a court has reason to doubt the defendant's competence.").

The Ninth Circuit has clarified that a habeas court's inquiry is not to examine "whether the trial court could have found the defendant either competent or incompetent" but, rather, to examine the record "to see if the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." *Chavez*, 656 F.2d at 516.

4

Here, a review of the record—in particular the plea-colloquy transcript—demonstrates that there was no reason for the trial judge to doubt Pearson's competency to plead no contest. Pearson told the judge that he understood the change-of-plea proceedings and that he had a sufficient opportunity to discuss the matter with his attorney. The trial judge also informed Pearson that if something came up during the hearing that Pearson did not understand, he would afford Pearson the opportunity to discuss it with his lawyer. Pearson was then sworn and told the court that he was changing his plea freely and voluntarily. Pearson also acknowledged that he had discussed his case with his lawyer "in great detail," and based on the evidence against him he believed a jury would find him guilty if he went to trial. Pearson also demonstrated his ability to make "a reasoned choice among the alternatives presented," *Chavez*, 656 F.2d at 517, when he acknowledged it was in his best interest to take the State's offer (dropping the other two charges and recommending all of his sentence be suspended) instead of going to trial. Simply put, Pearson's objective actions and statements made during his plea colloquy would not have given the trial court "reason to doubt [his] competence. . . ." *Godinez*, 509 U.S. at 402 n.13.

Pearson also claims that his lawyer was ineffective because his lawyer should have questioned him at the same hearing about his post-concussion

5

syndrome. In order to show ineffective assistance of counsel, Pearson must show that his lawyer's performance was unreasonable and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687–688 (1984). He fails to do so.[2]

On the merits, the change-of-plea colloquy shows that Pearson was satisfied with his lawyer's performance. During Pearson's testimony, Pearson agreed he had met with his lawyer a number of times, he had spoken on the phone many times, and that he had discussed his case with his lawyer "in great detail." Pearson also acknowledged during the hearing that he wanted the benefit of the State's offer to dismiss the other two felonies in exchange for his pleading to the failure to remain at the accident charge.

Additionally, Pearson's legal representation was reasonable. His lawyer hired Dr. Trontel, a clinical psychologist, to review the case and determine whether Pearson's actions following the accident demonstrated "compelling evidence" of "neurocognitive disruption." At bottom, Pearson points to no authority showing that his lawyer acted unreasonably by not asking Dr. Trontel to make a detention-facility visit or to question Pearson about mental deficiencies at

---

[2] As a preliminary matter, the Court notes that Pearson did not assert ineffective assistance of counsel in his petition for post-conviction relief or petition for habeas corpus at the Montana Supreme Court.

his plea hearing. Thus, the Court agrees with Judge Lynch that "the record and trial counsel's reasonable performance" refutes any claim of ineffective assistance of counsel. The Court therefore denies Pearson's involuntary plea claim and his ineffective assistance of counsel claim.

## II. Pearson's refreshed memory

Pearson next objects to Judge Lynch's conclusion that Pearson is not entitled to a new trial on account of his recovered memory and his belief that he was not driving the car when the accident occurred. Because the crux of Pearson's claim is that the new evidence—his refreshed memory—demonstrates that he was not the driver, the Court construes Pearson's claim as one of "actual innocence."

Actual innocence supported by newly discovered evidence is not a ground for federal habeas relief. *Herra v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *Townsend v. Sain*, 327 U.S. 293, 317 (1963) (reasoning that "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus"). This rule guarantees that "habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to

correct errors of fact." *Herra*, 506 U.S. at 400.

The "newly discovered evidence" rule allows habeas petitioners to proceed to the merits of their constitutional claims notwithstanding a valid procedural bar or the lapse of a time bar. *Schlup*, 513 U.S. at 315–316 (describing the actual innocence test as a "gateway" that allows the habeas court to review the petitioner's constitutional claims on the merits notwithstanding a valid procedural bar). Because the court proceeded to Pearson's constitutional claims, and determined they lacked merit, the *Schlup* test does not afford Pearson any relief.

## III. Right to a jury trial

Pearson also objects to Judge Lynch's finding that Pearson was not entitled to a jury trial because he pleaded to the charge in lieu of going to trial. Although Pearson claims a right to a bench trial under the Montana Constitution and Montana statutes, the Court liberally construes Pearson's request to include a jury trial, too. The Sixth Amendment of the federal Constitution affords all defendants in criminal prosecutions the right to trial by jury. A criminal defendant waives that right to trial by jury, however, by pleading to the charge. *McCarthy v. United States*, 394 U.S. 459, 466 (1969) (noting "A defendant who enters such a plea simultaneously waives several constitutional rights, including . . . his right to trial by jury"). Here, Pearson pleaded no contest to the charge of failure to remain at

8

the scene. Because the Court determined that Pearson made his plea voluntarily,

Pearson was not entitled to a jury trial or a bench trial.

## IV. *Brady* claim

Construing Pearson's objections very liberally, Pearson also appears to

claim that the State failed to turn over the exculpatory statement of Richard

Morris, an "eye witness on the scene of the accident . . . ." Pearson's claim fails.

A *Brady* violation occurs "when the government fails to disclose evidence

materially favorable to the accused." *Youngblood v. W. Va.*, 547 U.S. 867, 869

(2006). "Such evidence is material, 'if there is a reasonable probability that, had

the evidence been disclosed to the defense, the result of the proceeding would

have been different . . . .'" *Id.* at 870 (quoting *Strickler v. Greene*, 527 U.S. 263,

280 (1999)).

First, the record demonstrates that the State disclosed Richard Morris's

statement to Pearson's defense. For example, Dr. Trontel's report states that he

"reviewed the material you provided on your client, Mr. Oliver Pearson." Richard

Morris's statement was listed in the materials that Dr. Trontel reviewed before

concluding that there was no compelling evidence to substantiate Pearson's

claims.

Second, even if the prosecution withheld Richard Morris's statement,

Pearson's own assertions show that Richard Morris's statement was not exculpatory evidence. According to Pearson, Montana Highway Patrol interviewed Richard Morris who arrived moments after the crash and tried to prevent Pearson from leaving the scene. Pearson, however, "quickly convinced [an] SUV driver to take him." This evidence demonstrates that Pearson was coherent enough to ask another driver to take him away from the scene of the accident. Far from exculpating Pearson, Morris's statement, in conjunction with the evidence that Pearson waited "several days" to seek medical attention undermines Pearson's defense.

In addition to his claim that the State withheld Richard Morris's voluntary statement, Pearson also alleges that the State withheld a "photo of the accident, DNA blood samples that [were] taken from the crime scene, and a copy of a valid search warr[a]nt." As to the search warrant and photograph, Pearson does not assert how "the result of [his change of plea] would have been different," *Strickler v. Greene*, 527 U.S. at 280, had he received those items. Therefore, Pearson fails to demonstrate a prima facie *Brady* violation.

As to the DNA blood samples, the Court agrees with Judge Lynch that it is "reasonably clear that the samples were taken but not analyzed." As noted by Judge Lynch, "[T]he police do not have a constitutional duty to perform any

10

particular tests." *Ariz. v. Youngblood*, 488 U.S. 51, 59 (1988) (reversing Arizona Court of Appeals' ruling that *Brady* requires the government to perform tests that could exonerate the defendant). This rule serves the practical purpose of preventing courts from "divining the import of materials whose contents are unknown and, very often, disputed." *Id.* at 57.

On the face of the record, Pearson cannot show that the State failed to disclose exculpatory evidence in its possession. Thus, the Court denies all of Pearson's *Brady* claims.

## V. Self-incrimination under the Fifth Amendment

When he was before Judge Lynch, Pearson claimed that his no contest plea ran afoul of the Fifth Amendment's prohibition against self-incrimination. Even construing his objections liberally, the Court finds that he did not object to Judge Lynch's rejection of this claim. Judge Lynch's findings and recommendations with respect to this claim are not clearly erroneous. The Court therefore denies this claim.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (dkt. # 20) are adopted in full;

IT IS FURTHER ORDERED that Oliver Pearson's Petition for Writ of Habeas Corpus (dkt # 1) is DISMISSED. The Clerk of Court is directed to enter

by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that Pearson's Motion for Dismissal and a

Request for Relief from a State Judgment (dkt # 22) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this ___ day of March 2012.

Donald W. Molloy, District Judge
United States District Court